1   Gurjit Singh (SBN # 316312)

2   1131 W. 6th St., Suite 227

3   Ontario, CA 91762

4   (818) 396-6841

5   Attorney for Plaintiff, Escobar Inc

6

7

8   UNITED STATES DISTRICT COURT

9   CENTRAL DISTRICT OF CALIFORNIA

10

11   Escobar Inc., a Puerto Rico Corporation

12                  Plaintiff,

13        v.

14   Dillard Hospitality Group, a Georgia
     Limited Liability Company; Mychel
15   Dillard "Snoop", an Individual; Tauheed
     Epps "2 Chainz", an Individual; and Does
16   1 through 10, inclusive,

17                  Defendants.

Case No.  2:20-cv-5375

1. **Lanham Act - Trademark
   Infringement/False Designation of
   Origin/Unfair Competition**
2. **Lanham Act – False Advertising**
3. **Lanham Act – False Endorsement**
4. **Lanham Act – Trademark Dilution**
5. **Misappropriation of Right of Publicity
   under California Law**
6. **Misappropriation of Right of Publicity
   under Georgia Law**
7. **False Advertising Under State Law**
8. **Trademark Dilution Under State Law**
9. **Unfair Competition Under State Law**
10. **Trademark Infringement Under State
    Law**
11. **Unfair Competition Under State Law**
12. **Accounting**
13. **Unjust Enrichment**

**<u>JURY TRIAL DEMANDED</u>**

25                  **<u>COMPLAINT</u>**

26        COMES NOW Plaintiff Escobar, Inc (hereinafter referred to as "Plaintiff"), by and through its

27   counsel, and files this Complaint against Defendants and Does 1 through 10, inclusive, and shows

28   this Court the following

1

**NATURE OF ACTION**

1.   Plaintiff brings this action against Defendants and Does 1 through 10, inclusive, under state and federal law for Defendants' unauthorized commercial use of Plaintiff's intellectual property, including but not limited to the name and trademark "Pablo Escobar" and confusingly similar variants and imitations thereof in violation of Plaintiff's rights in their famous "Pablo Escobar" and "Escobar" family of registered and common law marks and trade names, and the publicity rights of Pablo Escobar. As a result of Defendants' unlawful actions, Plaintiff seeks damages, attorneys' fees, costs and preliminary and permanent injunctive relief.

**PARTIES & JURISDICTION**

2.   Plaintiff Escobar, Inc. ("Escobar") is a corporation organized and existing under the laws of the U.S. Territory of Puerto Rico whose principal place of business is 324 South Beverly Dr., Unit 325, Beverly Hills, California 90212. Escobar is engaged in the business of, among other things, marketing various products and services on the internet, including phones, and managing intellectual property.

3.   At all times pertinent to the acts and events that form the basis of this Complaint, Escobar was a corporation organized and existing under the laws of the U.S. Territory of Puerto Rico and with its principal place of business in the State of California; it is, thus, a citizen of California.

4.   Plaintiff is informed and believes that, at all relevant times, Defendant Dillard Hospitality Group ("Dillard") is a limited liability company organized and existing under the laws of the State of Georgia, whose principal place of business is located at 139 Ralph McGill Blvd., Atlanta, GA 30313. Dillard is engaged in the hospitality business, among other things, including the Escobar Restaurant and Tapas and Escobar Restaurant and Tapas South. At all times pertinent to the acts and events that form the basis of this Complaint, Dillard was a limited liability company organized and existing under the laws of the State of Georgia and with its principal place of business in the State of Georgia and conducts business in the State of California; it is, thus, a citizen of Georgia.

5.   Plaintiff is informed and believes that, and based thereon alleges, that Defendant Mychel Dillard "Snoop" ("Mychel") is a resident of the State of Georgia. Upon information and belief,

2

Mychel owns a controlling interest in Defendant Dillard, and authorized, ratified and participated in each of the acts complained of herein.

6.   Plaintiff is informed and believes that, and based thereon alleges, that Defendant Tauheed Epps "2 Chainz" ("Tauheed") is a resident of the State of Georgia, who also maintains a residence in Hollywood Hills, California. Upon information and belief, Tauheed owns a controlling interest in Defendant Dillard, and authorized, ratified and participated in each of the acts complained of herein.

7.   Plaintiff is informed and believes that, and based thereon alleges, that the factiously-named Defendants sued herein as Does 1 through 10, and each of them, are in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sued the Doe Defendants by such fictious names. When the true names and capacities of such factiously named defendants have been ascertained, Plaintiff will amend this pleading accordingly.

8.   Plaintiff is informed and believes and thereon alleges that each of the factiously named defendants are in some manner responsible for the acts, omissions and occurrences hereinafter alleged and actually and proximately caused and contributed to the various injuries and damages referred to herein.

9.   The defendants identified in paragraphs 4 through 8, above, shall be referred to collectively as "Defendants."

10. Whenever reference is made in this Complaint to any act of any Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

11. Plaintiff is informed and believes that any allegation about acts of any corporate or other business defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

3

12. Plaintiff is informed and believes that at all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint. Additionally, some or all of the Defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency as if acting as an agent of another.

13. Plaintiff is informed and believes that at all relevant times, each defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint.

14. Subject-matter jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332 in that there exists complete diversity of citizenship. Plaintiff Escobar is a Puerto Rico corporation and has its principal place of business within the State of California. No officer, director or shareholder of Escobar is a resident of the State of Georgia. Defendant Dillard is organized and existing under the laws of the State of Georgia and its principal place of business in the State of Georgia. Defendant Mychel is a resident of Georgia and Defendant Tauheed is a resident of Georgia, who also maintains a residence in Hollywood Hills, California. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

15. This Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331; subject-matter jurisdiction over the claims in this Complaint arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338, and various Federal common law principles. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367(a).

16. This Court has personal jurisdiction over each and every one of the Defendants, as each and every one of the Defendants has maintained systemic contact with the State of California, has transacted business within the State of California (e.g., advertised, marketed, sold and shipped its products, including but not limited to the infringing products discussed below, to California residents), and/or has committed acts that have caused tortious injury to Plaintiff in this Judicial District.

17. Venue as related to Defendants is proper in this Court pursuant to 28 U.S.C. § 1391 (a)

and (b). Since each and every one of the Defendants is subject to personal jurisdiction in this Judicial District, Defendants reside in this Judicial District for the purposes of 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

18. Plaintiff owns all of the intellectual property rights, including but not limited to all trademarks and publicity rights, of and associated with the legendary Pablo Emillio Escobar Gaviria ("Pablo Escobar" or "Escobar"), whose name, image, likeness, identity and celebrity persona have tremendous commercial value.

19. Plaintiff is informed and believes that at all relevant times Defendants have operated two restaurants in the State of Georgia, Escobar Restaurant and Tapas and Escobar Restaurant and Tapas South (collectively, the "Escobar Restaurants"). The Defendants also market the Escobar Restaurants through its Internet site – www.escobaratlanta.com and on social media – www.instagram.com/escobaratl and www.facebook.com/escobaratlanta.

20. Defendants advertise the Escobar Restaurants on their website and through social media as an Escobar themed restaurant. Defendants use the image, likeness, identity and celebrity persona of Pablo Escobar to generate traffic and sales. In fact, many of the posts on Defendants' social media include images of Pablo Escobar used in connection to advertise the Escobar Restaurants. By using the identity and celebrity persona of Pablo Escobar, Defendants are able to profit off the likeness of Pablo Escobar by generating traffic and sales. Moreover, the interior and exterior of the Escobar Restaurants is filled with paintings of Pablo Escobar which are, again, used by Defendants to generate traffic and sales through the use of Pablo Escobar's image, likeness, identity and celebrity persona.

21. Additionally, The Escobar Restaurants' menu includes items which, once again, use Pablo Escobar's likeness, identity and celebrity persona to generate sales. Specifically, the Escobar Restaurants' menu includes items sold by Defendants, but are not limited to, a signature dish called "Escobar Crab Cakes," a breakfast dish called "Escobar Breakfast," a salad called "Escobar Cobb," and a cocktailed called "The Columbian."

22. Defendants are also using Pablo Escobar's name, image, likeness, identity and celebrity persona to sell clothing items, including t-shirts bearing the name "Escobar" (the "Escobar

Collection"). Defendants advertise these clothing items directly to customers in Georgia, California and other states on its website(s) (e.g., www.whoissnoop.com/shop) through the Internet.

23. Defendants advertise, market, sell and ship pieces of its infringing Escobar Collection throughout the United States, including but not limited to residents within Georgia and California.

24. Defendants have used and continue to use the "Escobar" name, identity, persona and likeness for such commercial purposes without seeking or obtaining Plaintiff's approval and without paying Plaintiff any compensation for use, let alone compensation commensurate with the substantial commercial value of such rights. Plaintiff therefore seeks monetary damages, statutory damages, and punitive damages, and an injunction to permanently stop Defendants from any and all future uses of the "Escobar" publicity rights and trademarks.

## FACTS RELATED TO PABLO EMILIO ESCOBAR GAVIRIA

25.  Escobar is regarded as one the greatest heroic outlaws of all time by many in Colombia and all over the world. Moreover, Pablo Escobar's life has been the subject of numerous books, films and television shows. Throughout his life, Pablo Escobar was responsible for the construction of houses and football fields in western Colombia for the poor.

26. Among many others, Pablo Escobar has been the subject of the following books: Escobar (2010) by Roberto Escobar, Pablo Escobar: Beyond Narcos (2016) by Shaun Attwood and Loving Pablo, Hating Escobar (2017) by Virginia Vallejo. Some movies where Pablo Escobar was the subject of include: Escobar: Paradise Lost, Loving Pablo and American Made.

27. More recently, released in August 2015, a Netflix original television series depicting the story of Pablo Escobar, titled Narcos, garnered a massive following.

28. Plaintiff is the successor-in-interest of all intellectual property rights and assets associated with Pablo Escobar, including without limitation all publicity rights (i.e., name, image, likeness, voice, signature and celebrity persona). Attached as Exhibit "1" are the registered "Claims as Successor-in-interest" concerning Pablo Escobar's right of publicity and Escobar's right of publicity with the California Secretary of State.

29. The name, identity and persona of Pablo Escobar are recognized instantly by the public

6

1  and have substantial commercial value.

2      30. Plaintiff has exercised careful consideration before permitting the commercial use of

3  Pablo Escobar's name, image, likeness and celebrity persona to ensure that the value of publicity

4  rights are not diminished by association with products, entertainment, services and/or companies

5  that Plaintiff does not desire to support, and/or by over-saturation of publicity rights. Plaintiff

6  would not and did not voluntarily allow publicity rights of Pablo Escobar to be used for

7  commercial purposes unless Plaintiff had carefully selected the product or service and unless the

8  compensation paid for such use was both commensurate with the value of the exploitation of the

9  publicity rights, and sufficient to compensate Plaintiff for any potential diminution in value

10  resulting from the commercial use of publicity rights.

11      31. Plaintiff, on limited occasions, agreed to license certain of the publicity rights for

12  commercial purposes, but only after careful evaluation of the product or service that would be

13  advertised, and only when the monetary compensation and other benefits were sufficient payment

14  for the rights being exploited, and only when the use fits within an overall publicity strategy for

15  the commercialization of Pablo Escobar's name, image, identity, persona and legacy.

16                          **FACTS RELATED TO DEFENDANTS**

17      32. Plaintiff is informed and believes, and based thereon alleges, that Defendants intentionally

18  and prominently used the name, identity and persona of Pablo Escobar in advertisements,

19  marketing and promotion materials (collectively, "Advertisements") on and through its Internet

20  site – www.escobaratlanta.com, social media – www.instagram.com/escobaratl and

21  www.facebook.com/escobaratlanta, and in selling clothing items – www.whoissnoop.com/shop.

22  The Advertisements consistently and repeatedly used the name, image, identity, persona and

23  legacy of Pablo Escobar in connection with the marketing and promotion of its Escobar

24  Restaurants and clothing items. Defendants used Pablo Escobar's name, image, identity, persona

25  and legacy for the purpose of attracting attention to the Advertisements and enhancing the

26  advertising, marketing, promotion of Defendants' Escobar Restaurants and clothing items.

27      33. At no time did Plaintiff ever give permission to Defendants to use the identity or persona

28  of Pablo Escobar for the marketing and sale of its Escobar Restaurants, clothing items, or for use

                                          7

in the Advertisements, or any other purpose, nor has Plaintiff received any compensation from Defendants for such unauthorized commercial use of Pablo Escobar publicity rights.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants intentionally, negligently and/or knowingly used the Pablo Escobar name, identity, and persona in the Advertisements and in connection with the marketing of its Escobar Restaurants and clothing items.

35. Pablo Escobar, and his successors in interest including Plaintiff, developed and cultivated the name, identity and persona to create a celebrity and universal recognition. Defendants have, without any right, title or authorization, misappropriated Plaintiff's valuable rights and the resulting success and popularity of Pablo Escobar by unlawfully using his name, identity and persona for the for the aforesaid commercial purposes.

36. Defendants' use of the "Escobar" name within their Escobar Restaurants and clothing line was meant to refer to Pablo Escobar.

37. By the acts alleged herein, Defendants infringe on Plaintiff's trademarks including "Pablo Escobar" and confusingly similar variants and imitations thereof in violation of Plaintiff's rights in their famous "Pablo Escobar" and "Escobar" family of registered and common law marks and trade names.

38. Examples of these infringements are attached hereto as <u>Exhibit "2."</u>

39. Plaintiff's remedy at law is inadequate to prevent further violations of its rights.

**<u>FIRST CAUSE OF ACTION</u>**

**(Lanham Act - Trademark Infringement/False Designation of Origin/Unfair Competition)**

**(15 U.S.C. § 1125(a))**

40. Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

41. Plaintiff is the sole and exclusive owner of the PABLO ESCOBAR trademark, and has overseen, controlled, and directed goods and works marketed, advertised, promoted, and sold in connection with the PABLO ESCOBAR trademark. As a result of this authorized marketing, advertising, promotion, and use of the PABLO ESCOBAR trademark, which built on Pablo

Escobar's status and reputation, the PABLO ESCOBAR trademark has come to mean and is understood to signify the superior quality of reproduction of Pablo Escobar's works as authorized by Plaintiff, and is one of the means by which those products or works are distinguished from the products of others. Attached as <u>Exhibit "3"</u> are trademarks registered with the USPTO.

42. The PABLO ESCOBAR trademark is distinctive, including because it uses the name of a world-renowned celebrity whose posthumous interests Plaintiff oversees and protects. At a minimum, the PABLO ESCOBAR trademark has acquired secondary meaning by purchasers and the consuming public, who associate the trademark with products or works authenticated and authorized by Plaintiff.

43. Including through its zealous oversight of products sold in connection with the PABLO ESCOBAR trademark, Plaintiff has cultivated goodwill in the trademark, and products bearing the name "Pablo Escobar" and using the PABLO ESCOBAR trademark are understood by customers to be manufactured, authorized, licensed, authenticated and/or endorsed by Plaintiff.

44. Defendants' unauthorized and unlicensed use of the PABLO ESCOBAR trademark in connection with: (1) their sale and offering for sale of clothing items, (2) the Escobar Restaurants, (3) and the marketing of such products in interstate commerce, is likely to cause confusion, mistake, or deception as to the source, origin or approval of defendants' products, and also constitutes unfair competition, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125 (a)).

45. Additionally, Defendants' activities are intended to deceive, and are likely to lead members of the public to conclude, incorrectly, that Defendants' goods are manufactured, authorized, licensed, authenticated and/or endorsed by Plaintiff, to the damage and harm of Plaintiff, its licensees, and the public.

46. Additionally, Defendants' activities are likely to lead members of the public to conclude, incorrectly, that Defendants are affiliated, connected and/or associated with Plaintiff, to the damage and harm of Plaintiff, its licensees, and the public.

47. Upon information and belief, Defendants have acted knowingly, willfully and with malice in intentionally attempting to confuse the consuming public as to the source of the goods they are

offering for sale.

48. Plaintiff is entitled to recover Defendants' profits together with Plaintiff's damages, which may be trebled, as well as costs of the action pursuant to 15 U.S.C. § 1117(a).

49. Defendants' intentional and willful activities have caused-and will continue to cause-irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law in that: (i) The Plaintiff's PABLO ESCOBAR trademark is a unique and extremely valuable property right which has no readily determinable market value; (ii) Defendants' infringement constitutes an interference with Plaintiff's goodwill in the trademark and customer relationships, and will substantially harm Plaintiff's reputation and the PABLO ESCOBAR trademark as a source of high quality goods and works as well as dilute the substantial value of the PABLO ESCOBAR trademark and Pablo Escobar's name and likeness; and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiff, are continuing. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a), and to an order under 15 U.S.C. § 1118 directing the impound of all copies of infringing products and remodeling of the Escobar Restaurants to correct any infringement on Plaintiff's PABLO ESCOBAR trademark. Plaintiff is also entitled to, among other things, the cost of corrective advertising.

50. Defendants' unlawful and willful conduct renders this case an exceptional case, and therefore Plaintiff is entitled to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 (a).

**SECOND CAUSE OF ACTION**

**(Lanham Act – False Advertising)**

**(15 U.S.C. § 1125(a))**

51. Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

52. Defendants' marketing and advertising of the Escobar Restaurants and clothing items using Pablo Escobar's name, image and likeness constitute false advertising under the Lanham Act.

53. As detailed above, Defendants' use of Pablo Escobar's name, image and likeness to

10

associate the Escobar Restaurants with Pablo Escobar are false and misleading.

54. Defendants' false and misleading advertising using Pablo Escobar's name, image and likeness are material in that they are likely to influence consumer purchasing decisions, patronizing at the Escobar Restaurants, and were made such that Defendants have been able to compete unfairly with Plaintiff.

55. Defendants' false and misleading advertising statements and claims have a tendency to deceive a substantial segment of their audience.

56. Defendants' have placed their false and misleading advertising statements and claims in interstate commerce.

57. On information and belief, Defendants have engaged in this activity knowingly, willfully, with actual malice, and in bad faith.

58. Defendants' actions have caused Plaintiff damage, and thus Plaintiff is entitled to recover Defendants' profits together with Plaintiff's damages, which may be trebled, as well as costs of the action pursuant to 15 U.S.C. § 1117(a).

59. Defendants' actions have caused irreparable harm to Plaintiff, for which it has no adequate remedy at law. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a).

60. Defendants' unlawful and willful conduct renders this case an exceptional case, further entitling Plaintiff to recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**THIRD CAUSE OF ACTION**

**(Lanham Act – False Endorsement)**

**(15 U.S.C. § 1125(a))**

61. Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

62. As described above, Plaintiff is the legal owner of all rights to Pablo Escobar's name and likeness, the PABLO ESCOBAR trademark, and associated rights of publicity.

63. Defendants have, without authorization and for their own commercial purposes, used Pablo Escobar's name and likeness and the PABLO ESCOBAR trademark in conjunction with the

promotion and offering for sale of their own products, including clothing items, and promoting the Escobar Restaurants in interstate commerce.

64. Defendants' unauthorized use of Pablo Escobar's name and likeness and the PABLO ESCOBAR trademark is likely to cause confusion among consumers regarding Pablo Escobar's and/or Plaintiff's endorsement of Defendants' products, the Escobar Restaurants, and are likely to cause consumers to believe, incorrectly, that Plaintiff and/or Pablo Escobar endorses or has authorized Defendants' products.

65. The likelihood of confusion created by Defendants' unauthorized use of Pablo Escobar's name and likeness and the PABLO ESCOBAR trademark has caused, and will continue to cause, competitive harm to Plaintiff.

66. On information and belief, Defendants have intentionally engaged in attempting to confuse the consuming public as to Pablo Escobar's and Plaintiff's endorsement of the goods Defendants are offering for sale, the Escobar Restaurants, and have therefore conducted their activities knowingly, willfully, with actual malice, and in bad faith.

67. Defendants' actions have caused Plaintiff damage, and thus Plaintiff is entitled to recover Defendants' profits together with Plaintiff's damages, which may be trebled, as well as costs of the action pursuant to 15 U.S.C. § 1117(a).

68. Defendants' actions have caused irreparable harm to Plaintiff, for which it has no adequate remedy at law. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a).

69. Defendants' unlawful and willful conduct renders this case an exceptional case, further entitling Plaintiff to recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

### FOURTH CAUSE OF ACTION

**(Lanham Act – Trademark Dilution)**

**(15 U.S.C. § 1125(c))**

70. Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

71. As a result of Pablo Escobar's status as a world-renowned celebrity, combined with the

well-established and continuous use of the PABLO ESCOBAR trademark in connection with products sold with the authorization, direction, and control of Plaintiff, the Pablo Escobar name and the PABLO ESCOBAR  trademark are famous and recognized by the general consuming public throughout the United States.

72. Long after the PABLO ESCOBAR trademark became famous and well-known among the general consuming public throughout the United States and around the world, Defendants misappropriated the PABLO ESCOBAR trademark for their own use and commercial advantage in interstate commerce, without authorization and in disregard of Plaintiff's rights, and in a manner that will cause dilution by blurring of Plaintiff's PABLO ESCOBAR trademark.

73. Plaintiff is informed and believes, and on that basis alleges, that Defendants knowingly and willfully intended to trade on and dilute Plaintiff's goodwill and reputation of its PABLO ESCOBAR trademark.

74. Plaintiff stands to suffer irreparable harm and dilution to its PABLO ESCOBAR trademark through blurring and tarnishment of this trademark, and Plaintiff is therefore entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

75. Defendants' actions have caused Plaintiff damage, and thus Plaintiff is entitled to recover Defendants' profits together with Plaintiff's damages, which may be trebled, as well as costs of the action pursuant to 15 U.S.C. § 1117(a).

76. Defendants' unlawful and willful conduct renders mis case an exceptional case, further entitling Plaintiff to recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**FIFTH CAUSE OF ACTION**

**(Misappropriation of Right of Publicity – California Civil Code § 3344.1)**

77. Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

78. The conduct of Defendants, as alleged hereinabove, within the State of California constitutes a violation of Section 3344.1 of the California Civil Code due to Defendants' knowing and unauthorized commercial use of Pablo Escobar's name, identity and persona, which have substantial commercial value.

13

79. Plaintiff holds exclusive rights to Pablo Escobar's name and likeness, and Plaintiff has registered "Claims as Successor-in-interest" concerning Pablo Escobar's right of publicity and Escobar's right of publicity with the California Secretary of State.

80. As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has been damaged in an amount that is not yet fully ascertainable. When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint accordingly.

81. Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, have acted willfully, maliciously and oppressively, and with full knowledge of the adverse effect of their actions on Plaintiff and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

82. As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has incurred, and will continue to incur, substantial attorneys' fees and costs. Plaintiff is entitled to an award of its attorneys' fees and costs incurred in connection this action pursuant to Section 3344.1 of the California Civil Code.

83. Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further commercial use in California of Pablo Escobar publicity rights, including Mr. Escobar's name, photograph, likeness, image, voice, sound-alike voice, identity and persona.

## SIXTH CAUSE OF ACTION

### (Misappropriation of Right of Publicity under Georgia Law)

84. Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

85. As a result of Defendants' use of Pablo Escobar's name (i.e., the Escobar Restaurants) and celebrity identity without Plaintiff's consent within the State of Georgia for the purpose of Defendants' commercial and/or financial advantage, Plaintiff has suffered injury.

86. The conduct of Defendants, as alleged hereinabove, within and directed at the State of Georgia constitutes a violation of Georgia law regarding publicity rights due to Defendants' knowing and unauthorized commercial use of Pablo Escobar's name, identity and persona, which

14

have substantial commercial value.

87. Consequently, Plaintiff has suffered damages and is entitled to recover actual and compensatory damages suffered, as well as a disgorgement of Defendants' profits gained as a result of their unlawful use.

88. As a direct and proximate result of the aforesaid wrongful acts of Defendants in and with regard to Georgia, Plaintiff has incurred, and will continue to incur, substantial attorneys' fees and costs. Plaintiff is entitled to an award of its attorneys' fees and costs incurred in connection with this action as a result of Defendants' bad faith. O.C.G.A. § 13-6-11.

89. Plaintiff is entitled to an award of punitive damages against Defendants in order to punish Defendants for their intentional, illegal conduct and deter the same or similar conduct in the future. O.C.G.A § 51-12-5.1.

90. Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further commercial use in Georgia of Pablo Escobar publicity rights, including Mr. Escobar's name, photograph, likeness, image, voice, sound-alike voice, identity and persona.

## SEVENTH CAUSE OF ACTION

### (False Advertising Under State Law)

### (Cal. Bus. & Prof. Code § 17500 et seq.)

91. Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

92. Defendants' acts, as described above, constitute false and misleading advertising pursuant to Cal. Bus. & Prof. Code § 17500 et seq.

93. Plaintiff has been damaged and will continue to be damaged by Defendants' false and misleading advertising as described above. Accordingly, Plaintiff is entitled to an injunction prohibiting Defendants from continuing the practices described above, pursuant to Cal. Bus. & Prof. Code § 17535.

///

///

15

**EIGHTH CAUSE OF ACTION**

**(Trademark Dilution Under State Law)**

**(Cal. Bus. & Prof. Code § 14247 et seq.)**

94. Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

95. Defendants' conduct, as detailed above, dilutes the distinctive quality of Plaintiff's PABLO ESCOBAR trademark. This constitutes trademark dilution under Cal. Bus. & Prof. Code § 14247 et seq.

96. Absent injunctive relief, Plaintiff has no means by which to control Defendants' infringement and dilution of the PABLO ESCOBAR trademark. Plaintiff is thus entitled to preliminary and permanent injunctive relief prohibiting Defendants from continuing to commit such acts.

97. In performing the conduct described herein, on information and belief Defendants acted knowingly, willfully and with malice, intending to injure Plaintiff and to wrongfully advantage themselves at Plaintiff's expense. Plaintiff is therefore entitled to an award of Defendants' profits and Plaintiff's damages, both of which may be trebled.

**NINTH CAUSE OF ACTION**

**(Unfair Competition Under State Law)**

**(Cal. Bus. & Prof. Code § 17200 et seq.)**

98. Plaintiff realleges and incorporates by this reference each and every allegation set forth in this Complaint as if set forth verbatim herein.

99. Defendants' acts have impaired the goodwill in the PABLO ESCOBAR trademark, have created a likelihood of confusion, and have otherwise adversely affected Plaintiff's business and reputation by use of unfair business practices and false association. These acts constitute unfair competition and unfair business practices under Cal. Bus. & Prof. Code § 17200 et seq.

100.    Absent injunctive relief, Plaintiff has no means by which to control Defendants' deceptive and confusing use of Plaintiff's trademark and publicity rights. Plaintiff is thus entitled to injunctive relief prohibiting Defendants from continuing their acts of unfair competition.

1   Plaintiff is also entitled to restitution to the extent provided by law.

2   **TENTH CAUSE OF ACTION**

3   **(Trademark Infringement)**

4   **(California Common Law)**

5   101.    Plaintiff realleges and incorporates by this reference each and every allegation set

6   forth in this Complaint as if set forth verbatim herein.

7   102.    The Plaintiff is successor-in-interest to the trademark rights of Pablo Escobar, the

8   first user of the PABLO ESCOBAR trademark in commerce in this State and nationally.

9   103.    By their acts as described above, Defendants have created a likelihood of

10  confusion as to the origin of the Escobar Restaurants and the clothing goods they are selling

11  and/or offering for sale.

12  104.    Defendants are therefore liable for trademark infringement at common law.

13  105.    Absent injunctive relief, Plaintiff has no means by which to control Defendants'

14  infringement of the PABLO ESCOBAR trademark. Plaintiff is thus entitled to preliminary and

15  permanent injunctive relief prohibiting Defendants from continuing to commit such acts.

16  106.    In performing the conduct described herein, on information and belief Defendants

17  acted with oppression and malice, intending to injure Plaintiff and to wrongfully advantage

18  themselves at Plaintiff's expense. Plaintiff is entitled to an award of compensatory and punitive

19  damages against Defendants, in an amount to be ascertained at trial.

20  **ELEVENTH CAUSE OF ACTION**

21  **(Unfair Competition Under State Law)**

22  **(California Common Law)**

23  107.    Plaintiff realleges and incorporates by this reference each and every allegation set

24  forth in this Complaint as if set forth verbatim herein.

25  108.    Defendants' acts, as described above, constitute passing off and unfair competition

26  under California common law.

27  109.    In performing the conduct described herein, on information and belief Defendants

28  acted with oppression and malice, intending to injure Plaintiff and to wrongfully advantage

17

1  themselves at Plaintiff's expense. Plaintiff is entitled to an award of compensatory and punitive

2  damages against Defendants, in an amount to be ascertained at trial.

3  **TWELFTH CAUSE OF ACTION**

4  **(Accounting)**

5  110.      Plaintiff realleges and incorporates by this reference each and every allegation set

6  forth in this Complaint as if set forth verbatim herein.

7  111.      Defendants' aforesaid acts in connection with the promotion of Defendants'

8  websites, Instagram account, Escobar Restaurants, and the merchandise and services advertised

9  therein, violate the Lanham Act, the Federal Trademark Dilution Act, the Copyright Act, the

10  Anti-Bootlegging Act, California Civil Code § 3344, California's Unfair Competition and Unfair

11  Business Practices Acts and California common law.

12  112.      Plaintiff is entitled to all profits Defendants have earned as a result of their illegal

13  actions. The exact amounts due to Plaintiff is unknown and cannot be ascertained without an

14  accounting of Defendants' financial records. Plaintiff asserts a claim for an accounting in order to

15  determine the precise amount of Defendants' profits and ill-gotten gains.

16  **THIRTEENTH CAUSE OF ACTION**

17  **(Unjust Enrichment)**

18  113.      Plaintiff realleges and incorporates by this reference each and every allegation set

19  forth in this Complaint as if set forth verbatim herein.

20  114.      Defendants have used and are continuing to use Plaintiff's trademarks, name,

21  likenesses, photographs, and identities to their own commercial advantage. Defendants have

22  engaged in these actions wrongfully, without Plaintiff's consent, and have done so to their

23  advantage and benefit.

24  115.      As a direct and proximate result of Defendants' conduct, Defendants have been

25  unjustly enriched in an amount to be proven at trial.

26  ///

27

28  ///

18

**WHEREFORE, Plaintiff prays for the following relief:**

1. That the Court enter a judgment against Defendants that they have:

   a. Infringed the rights of Plaintiff in its PABLO ESCOBAR trademark in violation of 15 U.S.C. § 1125(a);

   b. Used false designations of origin which are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval under 15 U.S.C. § 1125(a), and engaged in unfair competition prohibited by that statute;

   c. Engaged in false advertising in connection with goods offered for sale, under 15 U.S.C. § 1125(a);

   d. Engaged in false endorsement in violation of 15 U.S.C. § 1125(a);

   e. Diluted Plaintiff's PABLO ESCOBAR trademark under15 U.S.C. § 1125(c) and Cal. Bus. & Prof. Code § 14247 et seq.;

   f. Violated Plaintiff's rights in Pablo Escobar's name and likeness and right of publicity under Cal. Civ. Code § 3344.1;

   g. Used unfair business practices to adversely affect Plaintiff's rights in violation of Cal. Bus. & Prof. Code § 17200et seq.; and

   h. Engaged in trademark infringement, passing-off, and unfair competition in violation of California common law;

2. That the Court issue a preliminary and, thereafter, permanent injunction against Defendants and their agents, servants, employees, and all others in active concert or participation with them with notice thereof, enjoining and restraining all of them from the following:

   a. Producing, manufacturing, designing, distributing, circulating, selling, offering for sale, advertising (including without limitation on television, in print media, and on the Internet), merchandising, importing, promoting or displaying any product that includes any reproduction, counterfeit, copy or colorable imitation of the PABLO ESCOBAR trademark and/or Pablo Escobar's name and likeness;

   b. Engaging in any other activity constituting an infringement of: i) the PABLO

ESCOBAR trademark; ii) any of Plaintiff's rights in Pablo Escobar's name, likeness, and other rights of publicity; (iii) Plaintiff's right to use or to exploit said names, likeness, rights of publicity, and trademarks; and (iv) engaging in any other activity which dilutes or infringes or otherwise harms Plaintiff's trademarks, publicity rights, name, reputation, or goodwill;

c.  Using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, erroneously to believe either that any product manufactured, distributed, offered for sale, sold, licensed, sponsored, approved, endorsed, authenticated or authorized by Defendants was manufactured, distributed, offered for sale, sold, licensed, sponsored, approved, endorsed, authenticated or authorized by Plaintiff, or that Defendants are affiliated, connected and/or associated with Plaintiff;

d.  Assisting, aiding or abetting any other person or entity in engaging in or performing any of me activities referred to in subparagraphs (a) through (c) above or (d) below; and

e.  Destroying, concealing, altering, or otherwise disposing of any documents, electronic images or other evidence that relates or refers to the advertising, promotion, production, distribution, sale or giving away of any goods which infringe upon the intellectual property referenced herein, including, but not limited to, websites, promotions, sales journals, supplier journals, customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, correspondence, e-mail messages, brochures and catalogs.

3.  That the Court issue an order directing Defendants to file with the Court and serve upon Plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116(a).

4.  That the Court order Defendants to pay Plaintiff's general, special, actual and/or statutory damages, according to proof at trial, trebled and increased due to the nature of Defendants'

20

conduct as provided above. Plaintiff is informed and believes, and upon such information and belief, alleges that Defendants have damaged Plaintiff in an amount of not less than $10,000,000.00.

5. That the Court order Defendants to pay restitution of their profits from the above-described activities.

6. That the Court order Defendants to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action.

7. For punitive and exemplary damages.

8. For pre-judgment and post-judgment interest.

9. Based on independent market research, Plaintiff

10. For all such other relief as the Court deems proper.

Respectfully submitted,

/s/ Gurjit Singh

Gurjit Singh
California Bar No. 316312
Law Office of Gurjit Singh
1131 W. 6th St., Suite 227
Ontario, CA 91762
(818) 396 – 6841
Singh@lawsingh.com

Attorney for the Plaintiff

**DEMAND FOR TRIAL BY JURY**

Plaintiff demand a trial by jury consisting of 12 jurors on all counts of the foregoing Complaint.

/s/Gurjit Singh
Gurjit Singh
California Bar No. 316312
Attorney for Plaintiff
